IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-287-GCM
(3:03-cr-49-GCM-8)

| | | |
|---|---|---|
| MICHAEL HENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate,

set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, the

§ 2255 motion will be dismissed as successive.

## I.    BACKGROUND

In 2005, Petitioner was sentenced in this district to a term of 262-months' imprisonment

following his conviction on one count of conspiracy to possess with intent to distribute heroin, in

violation of 21 U.S.C. §§ 846. Petitioner's judgment was affirmed in all respects on appeal.

United States v. Henderson, 253 F. App'x 306 (4th Cir.), cert. denied, 552 U.S. 1238 (2008). In

2009, Petitioner filed a § 2255 motion to vacate which asserted claims of ineffective assistance

of counsel and this Court denied the motion. Henderson v. United States, 3:09-cv-87-GCM

(W.D.N.C. Mar. 16, 2009), dismissed, 332 F. App'x 24 (4th Cir. 2009).

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing

courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.    DISCUSSION

In the present § 2255 motion, Petitioner contends that he is entitled to collateral relief based on the Fourth Circuit's recent opinion in Whiteside v. United States, ___ F.3d ___, 2014 WL 1364019 (4th Cir. Apr. 8, 2014). However, Petitioner's ability to collaterally attack his sentence is specifically limited by the Antiterrorism and Effective Death Penalty Act (AEDPA) which provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

   (1) newly discovered evidence that, if proven and viewed in light of the evidence
       as a  whole, would be sufficient to establish by clear and convincing evidence
       that no reasonable factfinder would have found the movant guilty of the
       offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral
       review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the instant § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of his § 2255 motion. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v.Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate under § 2255 is

**DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-

El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)

(holding that when relief is denied on procedural grounds, a petitioner must establish both that

the correctness of the dispositive procedural ruling is debatable and that the petition states a

debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 12, 2014

Graham C. Mullen
United States District Judge

3